J. Scott Gerien, SBN: 184728
Christopher J. Passarelli, SBN: 241174
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Ste. 301
Napa, California 94559
Phone: (707) 252-7122
Fax: (707) 255-6876
sgerien@dpf-law.com
cpassarelli@dpf-law.com

Thomas F. Hankinson, SBN: 0088367 *(Pro Hac Vice)*
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Ste. 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
thankinson@kmklaw.com

Attorneys for Plaintiff, Lazer Kraze, Inc.

Richard M. Watts, Jr., SBN: 221268
MILLSTONE PETERSON & WATTS, LLP
2267 Lava Ridge Court, Ste. 210
Roseville, California 95661
Phone: (916) 780-8222
Fax: (916) 780-8775
rwatts@mpwlaw.net

Attorneys for Defendant, T and T Entertainment, Inc.,
dba Laser Craze

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAZER KRAZE, INC. ) | **Case No.  2:14-cv-02748-TLN-AC** |
| ) | |
|     PLAINTIFF, ) | **Judge Troy L. Nunley** |
| ) | |
| v. ) | |
| ) | **CONSENT JUDGMENT AND** |
| T AND T ENTERTAINMENT, INC., ) | **PERMANENT INJUNCTION;** |
| d/b/a LASER CRAZE ) | **ORDER** |
| ) | |
|     DEFENDANT. ) | |

Plaintiff Lazer Kraze, Inc. ("Plaintiff" or "Lazer Kraze") and Defendant T and T Entertainment, Inc., d/b/a Laser Craze ("Defendant" or "T&T") having agreed to settle the matters at issue between them without further litigation and having stipulated, by and through counsel, to the entry of a Consent Judgment and Permanent Injunction along the terms set forth herein in settlement and resolution of the above-referenced action, and the parties having waived and released all errors in the proceedings and the right to appeal from this Consent Judgment and Permanent Injunction entered, and the Court being duly advised, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition under federal, state, and common law. Plaintiff contends, *inter alia*, that Defendant is unlawfully doing business under a confusingly similar trademark in willful violation of Lazer Kraze's rights.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Lazer Kraze, Inc. is an Ohio corporation having a principal place of business at 6075 Braymoore Dr., Galena, Ohio, 43021.

3. Defendant T and T Entertainment, Inc., d/b/a Laser Craze is a California corporation having a principal place of business at 6694 Lonetree Boulevard, Rocklin, California, 95765.

4. Defendant has been duly served with the Summons and Complaint, has appeared, and denies the claims asserted.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Lazer Kraze and Defendant are citizens of different states, namely Ohio and California, respectively, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Lazer Kraze's California-law claims because those claims are substantially related to Lazer Kraze's federal Lanham Act claims. This Court has

personal jurisdiction over Defendant because Defendant's principal place of business is located within this judicial district, and Defendant, either directly or through its agents, transacts business in the State of California and within this judicial district, and expected or should reasonably have expected its acts to have consequences in the State of California within this judicial district.

6.   Venue is proper in this Division of the Eastern District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant's principal place of business is located in this Division of the District, and Defendant is doing business in this Division of this District and therefore may be found in this District, and a substantial part of the events giving rise to Lazer Kraze's claims occurred in this Division of this District.

## AGREED STATEMENT OF FACTS

7.   Lazer Kraze owns the following valid and subsisting federal trademark registration for its LAZER KRAZE mark (the "LAZER KRAZE Mark"), and since at least as early as 2004 has used such mark, for "entertainment and amusement centers, namely, interactive play areas featuring laser tag and arcade games" (the "Services").

| Mark | Goods/Services | Status/Key Dates |
|---|---|---|
| LAZER KRAZE | (Int'l Class: 41) Entertainment and amusement centers, namely, interactive play areas featuring laser tag and arcades | Registered<br><br>Reg. No.: 3533628<br>Reg.: November 18, 2008<br>§ 15: November 30, 2013 |

8.   Defendant acknowledges that the LAZER KRAZE Mark is valid, subsisting, incontestable, and enforceable, and that Lazer Kraze has the exclusive right to use such trademark on and in connection with the services for which it is used.

9.   Defendant T&T is in the business of advertising, marketing, and operating for commercial purposes amusement centers with interactive play areas that feature laser tag and arcade games. T&T has used a LASER CRAZE mark, which LAZER KRAZE claims is confusingly similar to the LAZER KRAZE Mark, in connection with the services set forth and described above. Specifically and without limitation, Defendant uses the word marks LASER

CRAZE and LASERCRAZE as well as the following logo in connection with the services set forth and described above:

[LASER CRAZE logo]

10. On December 16, 2013, March 5, 2014, and May 15, 2014 counsel for Lazer Kraze sent letters to T&T demanding that it cease and desist from all further use of the words "lazer craze," or marks confusingly similar thereto, as part of a trademark used in connection with its amusement center. In addition to these letters, counsel for Lazer Kraze had a telephone conversation with John Hughes, the owner of T&T, in which counsel for Lazer Kraze reiterated Lazer Kraze's request that T&T cease and desist all further use of the words "lazer craze," or marks confusingly similar thereto, as part of a trademark used in connection with its amusement center.

11. In order to resolve this dispute without trial of any issue of law or fact and without any admission of wrongdoing, T&T and its owners, officers, directors, agents, servants, employees, and all persons and/or entities acting for, with, by, through, and/or in concert and participation with them, or any of them, agree as follows:

**DISPOSITION**

12. T&T acknowledges Lazer Kraze's exclusive right, title, and interest in and to the LAZER KRAZE Mark, along with all corresponding consumer good will, and T&T agrees that the LAZER KRAZE Mark and corresponding registration are valid, subsisting, and incontestable, and agrees that it shall not permit to be done any act or thing which impairs the rights of Lazer Kraze with respect to the LAZER KRAZE Mark. T&T will never expressly or impliedly represent that it has any ownership interest in, any rights to, or any relationship with, the LAZER KRAZE Mark, any mark similar thereto, or Plaintiff Lazer Kraze. T&T agrees that it will not attack the validity or distinctiveness of the LAZER KRAZE Mark or any mark similar thereto.

13. Per the terms of and subject to the Settlement Agreement (defined herein below), T&T shall phase out all use of its LASER CRAZE mark, or any mark similar thereto, on or in connection with its business and any related advertising, marketing, or promotional materials (including signage and domain names) therefor, no later than 30 September 2015. After 30 September 2015 T&T shall never use the trademark LASER CRAZE, or any trademark, trade name, business name, or other identifier similar to the LAZER KRAZE Mark on or in connection with goods, services, or business activities that are similar to the Services, or on any advertising, marketing, or promotional materials related thereto.

14. On or before 30 September 2015, T&T shall certify to Lazer Kraze, in writing, that it has complied with the provisions set forth immediately above. For purposes of such certification, T&T shall provide to Lazer Kraze such documentary or photographic evidence as may be reasonably requested by Lazer Kraze. To the extent that any advertising, marketing, or promotional materials which do not comply with the Settlement Agreement remain in existence on 30 September 2015, T&T shall, at its option, either deliver them up to Lazer Kraze for destruction or destroy such items and certify to Lazer Kraze in writing to their destruction.

15. T&T shall make the necessary filing(s) to, among other things, update and/or cancel any existing business filings with the State of California or any other state which reflects T&T's use of the LASER CRAZE trademark.

16. Upon and pursuant to the Settlement Agreement of the parties, and the Court being duly advised, the Court enters the following order:

    A. An Order preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

        i. From using LASER CRAZE or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to the LAZER KRAZE Mark, in any manner or

form, in connection with any goods or services after 30 September 2015;

  ii. From representing or suggesting, by any means whatsoever, directly or indirectly, that Defendant, any goods or services offered by Defendant, or any activities undertaken by Defendant, are sponsored or approved by, or are associated, affiliated, or connected with Lazer Kraze in any way.

 B. An Order requiring Defendant to: (1) cease use of the website located at *lasercrazeca.com*, the Facebook page located at *www.facebook.com/LaserCrazeCa*, and the Twitter handle @*lasercrazeca*; however, shall have the right to redirect those sites and social media to T&T's new website and social media through 31 December 2015. After 31 December 2015, T&T will entirely disable the website located at *lasercrazeca.com*, the Facebook page located at *www.facebook.com/LaserCrazeCa*, and the Twitter handle @*lasercrazeca.*

18. By entering into this Consent Judgment, T&T shall not be deemed to have admitted expressly or impliedly that it has violated any protectable trademarks or other rights of Plaintiff, in law or in equity, under federal or state law.

19. This Court has continuing jurisdiction to interpret and enforce the terms and provisions of the parties' certain Settlement Agreement and Mutual Release effective March 17, 2015 (the "Settlement Agreement") and this Consent Judgment and Permanent Injunction pursuant to the pronouncements of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-382 (1994). In the event of breach of any of the obligations or covenants of this Consent Judgment, this Court shall retain exclusive jurisdiction to enforce its terms.

20. Service by mail upon Defendant, addressed to Richard M. Watts, Jr., Millstone Peterson & Watts, LLP, 2267 Lava Ridge Court, Suite 210, Roseville, California, 95661, of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed

sufficient notice under Federal Rule of Civil Procedure 65. It shall not be necessary for Defendants to sign any form of acknowledgement of service.

21. The parties shall bear their own attorneys' fees and costs.

22. Subject to the terms of this Consent Judgment and the parties' Settlement Agreement, this action and all claims asserted herein shall be and hereby are terminated and dismissed, with prejudice.

//

//

//

Case 2:14-cv-02748-TLN-AC   Document 10   Filed 03/30/15   Page 8 of 9

Consented and Agreed To:

Date: _March 20, 2015_____          By: _/s/ J. Scott Gerien_____
    J. Scott Gerien
    Christopher J. Passarelli
    DICKENSON, PEATMAN & FOGARTY
    1455 First Street, Ste. 301
    Napa, California 94559
    Phone: (707) 252-7122
    Fax: (707) 255-6876
    sgerien@dpf-law.com
    cpassarelli@dpf-law.com

    Thomas F. Hankinson *(Pro Hac Vice)*
    KEATING MUETHING & KLEKAMP PLL
    One East Fourth Street, Ste. 1400
    Cincinnati, Ohio 45202
    Phone: (513) 579-6400
    Fax: (513) 579-6457
    thankinson@kmklaw.com

    *Attorneys for Plaintiff,*
    *Lazer Kraze, Inc.*

Date: _March 20, 2015_____          By: _/s/ Richard M. Watts, Jr._____
    Richard M. Watts, Jr.
    Glenn W. Peterson
    MILLSTONE PETERSON & WATTS, LLP
    2267 Lava Ridge Court, Ste. 210
    Roseville, California 95661
    Phone: (916) 780-8222
    Fax: (916) 780-8775
    rwatts@mpwlaw.net

    *Attorneys for Defendant,*
    *T and T Entertainment, Inc.,*
    *dba Laser Craze*

CONSENT JUDGMENT AND PERMANENT INJUNCTION; ORDER     8     CASE NO. 2:14-cv-02748-TLN-AC

**ORDER**

**IT IS SO ORDERED.**

Dated: March 27, 2015

_____
Troy L. Nunley
United States District Judge